UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, <br> CENTRAL LABORERS' WELFARE FUND, and <br> CENTRAL LABORERS' ANNUITY FUND, <br><br> Plaintiffs, <br> v. <br><br> ERIC HELANDER MASONRY CONSTRUCTION, LLC, <br> an Illinois limited liability company, and <br> ERIC E. HELANDER, individually <br><br> Defendants. | 16-C-50017 |

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their attorneys, DALEY AND GEORGES, LTD., complain against Defendants ERIC HELANDER MASONRY CONSTRUCTION, LLC, an Illinois limited liability company, and ERIC E. HELANDER as follows:

**COUNT I**
Claim under ERISA for an audit against
ERIC HELANDER MASONRY CONSTRUCTION, LLC

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the

1

LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds and affiliated funds with respect to fringe benefit contributions and dues payments.

5. ERIC HELANDER MASONRY CONSTRUCTION, LLC is an Illinois limited liability company doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). ERIC HELANDER MASONRY CONSTRUCTION, LLC is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. ERIC HELANDER MASONRY CONSTRUCTION, LLC became a party to and bound by collective bargaining agreements with the Union (and/or one or more local unions and district councils affiliated with the Union) by virtue of its execution of one or more memorandum of agreements or other collective bargaining agreements, including agreements entered into on or about January 24, 2000 and on or about July 26, 2004. Copies of some such collective bargaining agreements, or signature pages of such agreements, are attached as *Exhibit A*. ERIC HELANDER MASONRY CONSTRUCTION, LLC has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), ERIC HELANDER MASONRY CONSTRUCTION, LLC became a party to and bound by the Plaintiff Funds' trust agreements.

8. ERIC HELANDER MASONRY CONSTRUCTION, LLC became a party to and bound by one or more participation agreements with the Plaintiff Funds. A copy of one such participation agreement is attached as *Exhibit B*. ERIC HELANDER MASONRY CONSTRUCTION, LLC has never terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), ERIC HELANDER MASONRY CONSTRUCTION, LLC became a party to and bound by the Plaintiff Funds' trust agreements.

10. ERIC HELANDER MASONRY CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. ERIC HELANDER MASONRY CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. ERIC HELANDER MASONRY CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, ERIC HELANDER MASONRY CONSTRUCTION, LLC is required to make

contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement, the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and trust agreements. Under the terms of the collective bargaining agreement and trust agreements, ERIC HELANDER MASONRY CONSTRUCTION, LLC is also required to submit monthly remittance reports identifying, *inter alia*, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Pursuant to the trust agreements, the collective bargaining agreement, and ERISA, ERIC HELANDER MASONRY CONSTRUCTION, LLC is required to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

15. Upon information and belief, ERIC HELANDER MASONRY CONSTRUCTION, LLC has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds pursuant to the terms of the collective bargaining agreements, participation agreements and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16. ERIC HELANDER MASONRY CONSTRUCTION, LLC has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

17. Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of ERIC HELANDER MASONRY CONSTRUCTION, LLC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against ERIC HELANDER MASONRY CONSTRUCTION, LLC in favor of Plaintiffs.

B. Order ERIC HELANDER MASONRY CONSTRUCTION, LLC to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements, all for the period October 1, 2010 to as current as possible.

C. Order ERIC HELANDER MASONRY CONSTRUCTION, LLC to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order ERIC HELANDER MASONRY CONSTRUCTION, LLC to perform and continue to perform all obligations it has undertaken with respect to the Funds.

E. Order ERIC HELANDER MASONRY CONSTRUCTION, LLC to pay auditors' fees to Plaintiffs to Plaintiffs.

F. Order ERIC HELANDER MASONRY CONSTRUCTION, LLC to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

G. Grant Plaintiffs such other and further relief as the Court may deem just.

### COUNT II
Claim under ERISA for an audit against
ERIC E. HELANDER

1. - 17. Plaintiffs reallege paragraphs 1 - 17 of Count I.

18. This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

#### Assumption of Liability

19. ERIC HELANDER MASONRY CONSTRUCTION, LLC was involuntarily dissolved by the Illinois Secretary of State's Office on September 14, 2012.

20. Upon the dissolution of ERIC HELANDER MASONRY CONSTRUCTION, LLC, ERIC E. HELANDER conducted business under the name of "ERIC HELANDER MASONRY CONSTRUCTION, LLC", becoming personally liable for the debts of the dissolved company and incurring liability for its debts and the debts incurred by the continued business conducted by him.

<u>Breach of Contract / Trust Agreements</u>

21. Upon information and belief, ERIC E. HELANDER was and is the sole managing member of ERIC HELANDER MASONRY CONSTRUCTION, LLC and is in control of the limited liability company.

22. Pursuant to the collective bargaining agreements to which ERIC HELANDER MASONRY CONSTRUCTION, LLC agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

23. Pursuant to the trust agreements establishing the Plaintiff Funds, to which ERIC HELANDER MASONRY CONSTRUCTION, LLC agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

24. Upon information and belief, ERIC E. HELANDER did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the collective bargaining agreement, making ERIC E. HELANDER personally liable for the money owed to the Plaintiff Funds by ERIC HELANDER MASONRY CONSTRUCTION, LLC.

<u>Piercing the Corporate Veil</u>

25.     There is a unity of interest and ownership between ERIC HELANDER MASONRY CONSTRUCTION, LLC and ERIC E. HELANDER such that the separate personalities of the limited liability company and the individual no longer exist, and adherence to the fiction of a separate limited liability company existence would sanction a fraud, promote injustice, and promote inequitable consequences, making ERIC E. HELANDER personally liable for the money owed to the Funds by ERIC HELANDER MASONRY CONSTRUCTION, LLC.

<u>Alter Ego and/or Single Employer</u>

26.     Upon information and belief, and at all times material to this complaint, ERIC HELANDER MASONRY CONSTRUCTION, LLC and ERIC E. HELANDER have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

27.     Based on their nature and activities as alleged the preceding two paragraphs, ERIC HELANDER MASONRY CONSTRUCTION, LLC and ERIC E. HELANDER constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer. ERIC E. HELANDER is therefore bound by the terms of the collective bargaining agreement, and personally liable for the obligations of ERIC HELANDER MASONRY CONSTRUCTION, LLC and for breaches of the collective bargaining agreements, participation agreements and trust agreements by ERIC HELANDER MASONRY CONSTRUCTION, LLC. and by ERIC E. HELANDER.

Successor Liability

28. Upon information and belief, business conducted by ERIC E. HELANDER was a continuation of ERIC HELANDER MASONRY CONSTRUCTION, LLC, and both incarnations of the business had substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

29. Upon information and belief, ERIC E. HELANDER had notice of the liability of ACES ENVIRONMENTAL CONSULTING CORP. to Plaintiffs before its continuation of ACES ENVIRONMENTAL CONSULTING CORP.'s business, and there was a substantial continuity in the operation of the business before and after the handover.

30. Based on their nature and activities as alleged the preceding two paragraphs, ERIC E. HELANDER is the successor of ERIC HELANDER MASONRY CONSTRUCTION, LLC and as such is liable for the obligations of ERIC HELANDER MASONRY CONSTRUCTION, LLC and for breaches of the collective bargaining agreements, participation agreements and trust agreements by ERIC HELANDER MASONRY CONSTRUCTION, LLC. and by ERIC E. HELANDER.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against ERIC E. HELANDER in favor of Plaintiffs.

B. Order ERIC E. HELANDER to provide access to the records of ERIC HELANDER MASONRY CONSTRUCTION, LLC (for the period October 1, 2010 to as current as possible) so that an audit can be performed to determine whether ERIC HELANDER MASONRY CONSTRUCTION, LLC and ERIC E. HELANDER complied with contribution requirements.

C. Order ERIC E. HELANDER to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order ERIC E. HELANDER to pay auditors' fees to Plaintiffs.

E. Order ERIC E. HELANDER to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.

By: /s/ *Richard A. Toth*

Richard A. Toth
DALEY AND GEORGES, LTD.
*Attorneys for Plaintiffs*
20 S. Clark St., Suite 400
Chicago, Illinois 60603-1835
(312) 726-8797
E-mail: rtoth@daleygeorges.com

#233

B/ok

the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2003, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this 24 day of Jan 2000.

ACCEPTED:

LABORERS' LOCAL UNION NO. 165

BY: Toni Raimore
(Business Manager)
Field Representative

NORTH CENTRAL IL LABORERS' DISTRICT COUNCIL

BY: _____
(Business Manager)

HELANDER MASONRY CONSTRUCTION

Eric Helander
(Contractor Name)

BY: _____ Owner
(Name & Title)

355 W. Everett
(Address)

Dixon IL 61021
(City, State & Zip Code)

815 ████
(Telephone Number)

815 ████
(Facsimile Number)

████
(Federal Employer Identification Number)

RECEIVED
FEB 5 2000
NORTH CENTRAL ILL. LABORERS' COUNCIL

-3-

EXHIBIT A

7-07-2004 11:28AM FROM LABORERS LOCAL 538 3093443115 P. 6

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2006, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this 26 day of July, 2004.

ACCEPTED:

LABORERS' LOCAL UNION NO. 538

BY: _____ (Business Manager)

GREAT PLAINS LABORERS' DISTRICT COUNCIL

BY: _____ (Business Manager)

Eric E. Helander - Owner
(Contractor Name)

BY: _____ (Name & Title)

353 W. Everett
(Address)

Dixon, IL 61021
(City, State & Zip Code)

(815) ███
(Telephone Number)

(815) ███
(Facsimile Number)

███
(Federal Employer Identification Number)

-2-

#2331

8/25

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between **HELANDER MASONRY CONSTRUCTION** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

   - **3.35** per hour to Central Laborers' Pension Fund
   - **2.70** per hour to Central Laborers' Welfare Fund / dental
   - **2.50** per hour to Central Laborers' Annuity Fund
   - **.25** per hour to Illinois Laborers' and Contractors' Training Trust Fund
   - _____ MRFFC
   - **.12** per hour to Industry Advancement Fund
   - **3.25** Working Dues (% or cents per hour)
   - **.15** LECT
   - **.08** Other BLDG TRADES
   - **.06** Other Tri CON
   - **.03** MROC

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**
Name of Business: Helander Masonry
Address: 355 W. Everett
City/State/Zip: Dixon, IL 61021
Telephone: 815-___
Authorized Signature: [signed]
Title: Owner
Date: 1/28/00

**CENTRAL LABORERS' FUNDS**
Authorized Signature: [signed]
Title: Executive Administrator

**UNION**
Territory in which Agreement signed: Local 165
Authorized Signature: Thomas P. _____
Title: Field Representative
Date: 1/24/00

FEB 2000 RECEIVED

EXHIBIT B

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union